# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAYMOND PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-01658-TWP-MJD |
| | ) | |
| S. KNIGHT, C. PENFOLD, K. HARTZELL, | ) | |
| FANARDY, ROACH, HILL, ROLLANE, | ) | |
| MCCOY, ACKUDALE, BONE, J. LEWIS, | ) | |
| EDWARDS, CAMPBELL, BRODAN, ELEN, | ) | |
| SMITH, MCKINNEY, GOOD, JONES, | ) | |
| LUMPKIN, KINNAMAN, NEWMAN, and | ) | |
| FULFOND, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS

Plaintiff, Raymond Pruitt ("Pruitt"), an inmate at the Putnamville Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that he was exposed to black mold while he was confined at the Plainfield Correctional Facility.

## I. SCREENING STANDARD

Because Pruitt is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the Defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the Complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Pruitt are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. DISCUSSION

Pruitt alleges that from December of 2017 through February of 2018, while he was housed at the Plainfield Correctional Facility, he was confined for many hours a day in a cell that was infested with black mold. He states that the exposure to the mold caused him to experience headaches and caused "spots" on his leg. He states that all of the Defendants were aware of the mold and failed to remedy the problem.

Based on the screening standard set forth above, Pruitt's Complaint **shall proceed** against all Defendants as a claim that the Defendants exhibited deliberate indifference to a serious risk of harm to Pruitt in violation of his Eighth Amendment rights.

Any claim for injunctive relief – such as Pruitt's request for an order that he receive treatment for his headaches – must be **dismissed** because Pruitt states that he has been transferred to a different facility and the Defendants in this case are therefore no longer responsible for his care.

## III. DUTY TO UPDATE ADDRESS

Pruitt shall report any change of address within ten (10) days of any change. The Court must be able to locate Pruitt to communicate with him. If Pruitt fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## IV. CONCLUSION AND SERVICE OF PROCESS

As discussed above, Pruitt's claim that he has been exposed to black mold shall proceed against all Defendants. This summary includes all of the viable claims identified by the Court. All other claims have been dismissed. If Pruitt believes that additional claims were alleged in his Complaint, but not identified by the Court, he shall have **through July 5, 2018,** in which to identify those claims.

The **Clerk is directed,** pursuant to Federal Rule of Civil Procedure 4(c)(3), to issue process to the Defendants in the manner specified by Rule 4(d). Process shall consist of the Complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date: 6/13/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Raymond Pruitt, #111243
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, Indiana 46135

Electronic service to the following employees at the Plainfield Correctional Facility:

Warden S. Knight; DWO C. Penfold; DWR K. Hartzell; Major Fanardy; Lieutenant Roach; Lieutenant Hill; Sergeant Rollane; Sgt. McCoy; Sgt. Ackudale; Sgt. Bone; C/O Lewis; C/O Edwards; C/O Campbell; C/O Brodan; C/O Elen; C/O Smith; C/O McKinney; C/O Good; C/O Jones; C/O Lumpkin; Ms. Kinnaman; Mr. Newman; Mr. Fulfond