UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| RAYMOND PRUITT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18-cv-01658-TWP-MJD |
| S. KNIGHT, C. PENFOLD, K. HARTZELL, FANARDY, ROACH, HILL, ROLLANE, MCCOY, ACKUDALE, BONE, J. LEWIS, EDWARDS, CAMPBELL, BRODAN, ELEN, SMITH, MCKINNEY, GOOD, JONES, LUMPKIN, KINNAMAN, NEWMAN, FULFOND, VINARDI, SPURGEON | ) | |
| Defendants. | ) | |

**Order Discussing Motion to Compel and Motion to Preserve Evidence**

Plaintiff Raymond Pruitt has filed a motion to compel the production of certain materials he has requested in discovery. He has also filed a motion to preserve evidence that is the subject of his motion to compel. Specifically, in his motion to compel, he seeks the production of "grievance complaints or other documents received," and "TOPIC: Operations, Institution, Safety, Sanitation, Environmental Conditions (Bldg/Range/Bed I-H-U J-unit and I unit Dates 2015-2016-2017-2018 documents created in response to such documents since January 1, 2015." He also seeks certain video from December 2017 and January 2018. For the reasons that follow, Mr. Pruitt's motion to compel is granted in part and denied in part and his motion to preserve evidence is granted.

A. *Discovery Standards*

District courts have broad discretion in matters relating to discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chicago Tribune Co.*, 267

F.3d 628, 646-47 (7th Cir. 2001)). Federal Rule of Civil Procedure 26(b)(1) sets the standard for the scope of general discovery, providing that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

A defendant has a duty to preserve evidence where the defendant "knew, or should have known, that litigation was imminent." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). The scope of the duty to preserve is broad and includes evidence the defendant should have reasonably foreseen would be relevant to a potential claim or action. *Domanus v. Lewicki*, 284 F.R.D. 379, 386 (N.D. Ill. 2012). The duty attaches when the plaintiff informs the defendant of his or her potential claim. *See Trask-Morton*, 534 F.3d at 681 (finding the duty to preserve attached when Motel 6 received a demand letter from plaintiff's attorney). Here, the duty attached, at the latest, when the defendants received notice of Plaintiff's Charge on March 7, 2013.

B. *Grievance Records*

The defendants state that Mr. Pruitt's request for grievance records is confusing and ambiguous because it does not state what Pruitt means by "grievance complaints or other documents received" and "Topic: Operations, Institution-Safety, Sanitation, Environmental Conditions." The defendants conclude that it is impossible to search for the information Pruitt requests because of the confusing nature of the request.

Based on the Court's review of the discovery request and the defendants' response, the motion to compel is **granted** to the extent that **the defendants shall produce no later than April 30, 2019**, any grievances, requests for interview, or other complaints filed by any inmate at the

Plainfield Correctional Facility related to environmental conditions or sanitation, including allegations of mold infestation, within that facility, any investigation of said complaints, and any responses provided regarding those complaints between 2015-2018. The motion to preserve evidence is **granted** to the extent that the defendants shall not destroy any such records.

The Court further notes that discovery is not yet closed. Therefore, Mr. Pruitt may, if he chooses, submit further discovery requests regarding this information. He will also be permitted a reasonable time to follow up on any response received from the defendants.

C. *Video*

In his third request for production, Mr. Pruitt requested certain video from December 2017 and January 2018. He alleges that this video shows various individuals looking at black mold, talking about black mold, and locking cell doors. The defendants responded to this request by stating that they were not in possession of any documents or items responsive to the request. The defendants are, of course, correct that they cannot be compelled to produce video that does not exist. Mr. Pruitt's motion to compel the video is therefore **denied for the present.**

However, the defendants have not satisfactorily explained the methods they undertook to ensure that this video does not exist. Accordingly, the defendants shall **have through April 15, 2019**, in which to file a notice with the Court describing what efforts they made to identify and preserve video evidence of the incidents described in Mr. Pruitt's discovery request, when they first made those efforts, and how they concluded that no video of the incident exists. If video evidence was destroyed, the defendant shall state when the video evidence was destroyed and how they made this determination. The Court may revisit the plaintiff's motion to compel and motion to preserve based on the defendants' response to these directions.

D. *Conclusion*

As explained above, the motion to compel, dkt. [86], is **granted in part and denied in part**. **The defendants shall produce no later than April 30, 2019**, any grievances, requests for interview, or other complaints filed by any inmate at the Plainfield Correctional Facility related to environmental conditions, including allegations regarding the presence of mold, or sanitation within that facility, any investigation of said complaints, and any responses provided regarding those complaints between 2015-2018. Additionally, the defendants shall **have through April 15, 2019**, in which to file a notice with the Court describing what efforts they made to identify and preserve video evidence of the incidents described in Mr. Pruitt's discovery request, when they first made those efforts, and how they concluded that no video of the incident exists. The motion to preserve evidence, dkt. [96], is **granted** consistent with this ruling.

IT IS SO ORDERED.

Date: 3/29/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAYMOND PRUITT
111243
PUTNAMVILLE – CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel